EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, GILPIN COUNTY, STATE OF COLORADO**<br>Gilpin Combined Court<br>2960 Dory Hill Road, Suite 200<br>Black Hawk, CO 80422 | DATE FILED: June 3, 2022 10:26 AM<br>FILING ID: C657042EEA623<br>CASE NUMBER: 2022CV30011 |
| **Plaintiff:**<br>SHARON RAMSEY, as Personal Representative of the Estate of DOROTHY SEKELSKY<br><br>v.<br><br>**Defendants:**<br>BLUE SPRUCE INVESTMENT CORP.;<br>G.F. GAMING CORPORATION d/b/a<br>THE FAMOUS BONANZA CASINO;<br>UNKNOWN PROPERTY MANAGEMENT COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff:*<br>Eric B. Ballou, #40163<br>THE FRICKEY LAW FIRM, P.C.<br>940 Wadsworth Boulevard, Suite 400<br>Lakewood, Colorado 80214<br>Telephone:    303.237.7373<br>Fax Number: Declined for Service<br>E-mail:    Declined for Service | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Sharon Ramsey, as Personal Representative of the Estate of Dorothy Sekelsky, by and through counsel, Eric B. Ballou of THE FRICKEY LAW FIRM, P.C., hereby submits the following *Complaint and Jury Demand* against the above-named Defendants:

## JURISDICTION AND VENUE

1. Plaintiff Sharon Ramsey ("Plaintiff") is a citizen of the State of Ohio.

2. Plaintiff Sharon Ramsey is the natural daughter of Dorothy Sekelsky.

3. On December 29, 2021, Dorothy Sekelsky died from causes unrelated to this lawsuit.

1

4. Plaintiff Sharon Ramsey brings this personal injury lawsuit on behalf of her mother, Dorothy Sekelsky, deceased, as the Personal Representative of Dorothy Sekelsky's Estate.

5. Upon information and belief, Defendant Blue Spruce Investment Corp. ("Blue Spruce") is a corporation organized and existing under the laws of the State of Colorado and conducting business in the State of Colorado. The registered agent for Defendant Blue Spruce is Lawrence E. Gustafson located at 950 S. Cherry Street, Suite 300, Denver, CO 80246.

6. Upon information and belief, Defendant G.F. Gaming Corporation ("G.F. Gaming") is a corporation organized and existing under the laws of the State of Colorado and conducting business in the State of Colorado. The registered agent for Defendant G.F. Gaming is Lawrence E. Gustafson located at 950 S. Cherry Street, Suite 300, Denver, CO 80246.

7. Upon information and belief, The Famous Bonanza Casino ("Famous Bonanza") is a trade name of Defendant G.F. Gaming Corporation.

8. Upon information and belief, The Famous Bonanza Casino is a casino located at 107 Main Street, Central City, Colorado 80427.

9. Upon information and belief, Unknown Property Management Company is a property management company for The Famous Bonanza Casino.

10. Upon information and belief, each and every Defendant committed a tort in Gilpen County, State of Colorado, providing this Court with personal and subject matter jurisdiction over Defendants.

11. Upon information and belief, each and every Defendant committed a violation of the Colorado Premises Liability Act in Gilpen County, State of Colorado, providing this Court with personal and subject matter jurisdiction over Defendants.

12. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because the tortious conduct and injuries giving rise to this *Complaint and Jury Demand* occurred in Gilpen County, State of Colorado.

### **GENERAL ALLEGATIONS**

13. Plaintiff incorporates the foregoing paragraphs herein.

14. This matter arises from Dorothy Sekelsky's fall that occurred in The Famous Bonanza Casino (the "Premises").

15. Ms. Sekelsky's fall occurred at the Premises on September 10, 2020 at approximately 4:00 p.m.

2

16. The fall occurred while Ms. Sekelsky was gambling at The Famous Bonanza Casino.

17. Ms. Sekelsky was walking through a common area of casino when she fell down two stairs.

18. This is a photo of the stairs as they appeared on September 10, 2020:



19. The stairs were not reasonably visible to persons like Ms. Sekelsky.

20. The stairs were not clearly marked.

21. The pattern of carpeting near the stairs and including the stairs created an optical illusion such that the stairs were not visible.

22. Ms. Sekelsky did not see handrails for the stairs because one handrail was blocked by a black trashcan and the other handrail was blocked by a wheel-game.

23. Ms. Sekelsky did not see handrails for the stairs because the walls on both sides of the stairs were black.

24. Ms. Sekelsky did not see handrails for the stairs because the handrails were black.

25. There were no signs warning about the stairs.

26. The area near and around the stairs was poorly lit.

27. Ms. Sekelsky fractured her tibia/fibula requiring surgery because of the fall.

28. Ms. Sekelsky was a paying customer of the casino at all relevant times.

29. Ms. Sekelsky was lawfully on the premises as an "invitee" as defined by the Colorado Premises Liability Act ("CPLA"), C.R.S. § 13-21-115, because she entered and remained on the Premises to transact business in which each and every defendant was mutually interested.

30. Upon information and belief, each and every defendant owned, operated, managed, maintained, and/or otherwise conducted business activities on the Premises; therefore, each and every defendant was tasked with maintaining the Premises at the time of Plaintiff's fall.

31. Upon information and belief, each and every defendant was a "landowner" as defined by the CPLA, C.R.S. § 13-21-115.

32. At all relevant times, each and every defendant was responsible for care and maintenance of the Premises.

33. Each and every defendant owed a duty to Ms. Sekelsky to warn her of any dangers on the Premises of which they had knowledge or should have had knowledge.

34. Each and every defendant's failure to warn about the Premises' stairs and failure to properly identify the stairs and handrails, specifically because of the appearance of the stairs as a seamless section of patterned floor, hidden handrails, poor lighting, and lack of signage, resulted in a dangerous and hazardous condition that ultimately caused Ms. Sekelsky's fall and injuries.

35. Each and every defendant's failure to reasonably make the Premises' stairs and handrails visible resulted in a dangerous and hazardous condition that ultimately caused Ms. Sekelsky's fall and injuries.

36. The stairs were a danger on the Premises.

37. Each and every defendant possessed actual knowledge about the danger on the Premises or, in the exercise of reasonable care, should have known about the danger on the Premises.

38. Each and every defendant failed to use reasonable care to protect against the danger on the Premises.

39. As a direct and proximate cause of the fall, Ms. Sekelsky sustained bodily injuries including, but not limited to: tibia/fibula fracture that surgery and hospitalization among other medical treatments.

40. Ms. Sekelsky was neither negligent nor contributed to the fall.

41. Ms. Sekelsky did not fail to mitigate her injuries, harms, or losses.

## FIRST CLAIM FOR RELIEF
## LANDOWNER LIABILITY AGAINST ALL DEFENDANTS
## PURSUANT TO THE COLORADO PREMISES LIABILITY ACT ("CPLA")

42. Plaintiff incorporates the foregoing paragraphs herein.

43. At all relevant times, the provisions of C.R.S. § 13-21-115 were in effect.

44. At the time of the fall, Ms. Sekelsky was an "invitee" as defined by C.R.S. § 13-21-115 since she was on the Premises to conduct business.

45. As the time of the fall, each and every defendant was a "landowner" of the Premises as defined by C.R.S. § 13-21-115.

46. Under the CPLA, an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they have actual knowledge of or which they should have known.

47. Each and every defendant was legally responsible for the condition of the stairs and the surrounding areas on the Premises and for the activities conducted or circumstances existing described at the time of the fall, and they, or their agents and/or employees, failed to exercise reasonable care to protect Ms. Sekelsky from the dangerous condition on the Premises.

48. Each and every defendant had a duty to protect Ms. Sekelsky from dangers on the Premises that they either knew about or should have known about with the exercise of reasonable care, including the stairs.

49. Each and every defendant knew or should have known that the stairs that caused Ms. Sekelsky to fall and sustain injuries were a danger on the property and created an unreasonable risk of injury, damage, and loss to persons such as Ms. Sekelsky.

50. Each and every defendant breached their duty by, among other things, failing to take reasonable steps to prevent Ms. Sekelsky from being injured or otherwise guarding against the danger that the stairs represented on the Premises.

51. Each and every defendant failed to take precautions to protect people like Ms. Sekelsky from the dangerous condition on the Premises.

52. Each and every defendant failed to exercise reasonable care of the Premises and failed to warn invitees of the dangerous condition of the Premises, including Ms. Sekelsky; therefore, each and every defendant is liable to Ms. Sekelsky for the damages caused by the fall.

53. As a direct and proximate cause of each and every defendant's actions and/or omissions, Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, has suffered injuries, damages, and losses including, but not limited to, all economic injuries, damages, and losses to the extent permitted by Colorado law and in an amount to be proven at trial.

54. As a direct and proximate cause of each and every defendant's actions and/or omissions, Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, has suffered injuries, damages, and losses including, but not limited to, all noneconomic, physical impairment, and disfigurement injuries, damages, and losses to the extent permitted by Colorado law and in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST ALL DEFENDANTS
## PLED IN THE ALTERNATIVE

55. Plaintiff incorporates the foregoing paragraphs herein.

56. To the extent that any of the Defendants deny that they were a landowner of the Premises at the time of the fall and as defined by the CPLA, Plaintiff asserts a negligence claim against said Defendant(s).

57. Defendants owed a duty to exercise reasonable care to protect Ms. Sekelsky from the dangerous condition of the Premises.

58. Defendants owed a duty to conduct activities on the Premises, attend to circumstances on the Premises, and to maintain the Premises in a reasonable and safe manner that did not pose an unreasonable risk of danger to persons, including Ms. Sekelsky.

59. Defendants owed a duty to warn Ms. Sekelsky of any dangerous or hazardous conditions that existed on the Premises of which they had knowledge or of which they should have known.

60. Defendants breached the duties to Ms. Sekelsky as set forth in this Complaint and Jury Demand.

61. Defendants' failure to exercise reasonable care constituted negligence *per se* pursuant to C.R.S. § 13-21-115(3)(c)(I).

62. Ms. Sekelsky was a member of the class that the statute is intended to protect.

63. Defendants violated the statute as set forth in this Complaint and Jury Demand.

64. Defendants' violation of the statute caused Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, damages against which the statute is intended to protect.

65. As a direct and proximate cause of Defendants' negligence and negligence *per se*, Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, has suffered injuries, damages, and losses including, but not limited to, all economic injuries, damages, and losses to the extent permitted by Colorado law and in an amount to be proven at trial.

66. As a direct and proximate cause of Defendants' negligence and negligence *per se*, Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, has suffered injuries, damages, and losses including, but not limited to, all noneconomic, physical impairment, and disfigurement injuries, damages, and losses to the extent permitted by Colorado law and in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
## SURVIVAL STATUTE, C.R.S. § 13-20-101, AGAINST ALL DEFENDANTS

67. Plaintiff incorporates the foregoing paragraphs herein.

68. Pursuant to C.R.S. § 13-20-101, Plaintiff, as Personal Representative and on behalf of Ms. Sekelsky's Estate, is entitled to recovery of all economic damages to the extent permitted by Colorado law including, but not limited to, past medical bills incurred because of Ms. Sekelsky's injuries related to the fall.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Plaintiff Sharon Ramsey, as Personal Representative of the Estate of Dorothy Sekelsky, respectfully requests that this Court enter judgment in her favor and against Defendants and prays for an award of damages including:

1. For all of Plaintiff's economic, non-economic, physical impairment, and disfigurement injuries, damages, and losses to the extent permitted by Colorado law in an amount to be proven at trial;

2. For all costs and attorney's fees to the extent permitted by Colorado law;

3. For all interest, including prejudgment and post-judgment interest to the extent permitted by Colorado law; and

4. For all such other and further relief as this Court may deem just and proper.

Dated: June 3, 2022

Respectfully submitted,

THE FRICKEY LAW FIRM, P.C.

*s/ Eric B. Ballou*
Eric B. Ballou, #40163
*Attorney for Plaintiff*

*Pursuant to C.R.C.P. 121 § 1-26(7), a printed copy of this document with original signature(s) is maintained by THE FRICKEY LAW FIRM, P.C., and will be made available for inspection by other parties or the Court upon request.*

Plaintiff's Address
Sharon Ramsey
20 Blackberry Lane
Hudson, Ohio 44236